

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*
*1007 Orange Street, Suite 700*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*
*FAX (302) 573-6220*

April 19, 2007

The Honorable Gregory M. Sleet
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    **United States v. Albert Seeney**
             **Criminal Action No.  07-17-GMS**

Dear Judge Sleet:

       The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. The parties respectfully request that the Court schedule a Change of Plea hearing with counsel. An original, executed Memorandum will be submitted at the Change of Plea hearing.

                                  Respectfully submitted,

                                    COLM F. CONNOLLY
                                  United States Attorney

                               BY: _____
                                Ilana H. Eisenstein
                                Assistant United States Attorney

Enclosure

cc:    Peter J. Scuderi, Esq.
        Clerk, U.S. District Court

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 07-17-GMS |
| | ) |
| ALBERT B. SEENEY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Albert B. Seeney, by and through his attorney, Peter J. Scuderi, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with passing counterfeited obligations of the United States, in violation of Title 18, United States Code, Section 472. The maximum penalties for this offense are not more than twenty years of imprisonment, a $250,000 fine, or both, three years of supervised release, and a $100 special assessment.

2.  The defendant understands that if there were a trial, the Government would have to prove three elements of the offense: (1) on or about November 6, 2006, the defendant passed counterfeit currency obligations of the United States, to wit, six Federal Reserve Notes each in the denomination of one hundred dollars; (2) which he knew to be counterfeit; and (3) did so willfully and with the intent to defraud.

3.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. It is likely that the Government will recommend that the Court impose a

sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which is within, or which exceeds or falls below, the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea.

4. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, pursuant to Sentencing Guideline Section 3E1.1.

5. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>
United States Attorney

_____        By: _____
Peter J. Scuderi, Esquire              Ilana H. Eisenstein
Attorney for Defendant                 Assistant United States Attorney


_____
Albert B. Seeney
Defendant

Dated:

  **AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum of

Plea Agreement is hereby (accepted) (rejected) by this Court.

           _____
           Honorable Gregory M. Sleet
           United States District Judge